**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Gerald B. Golub,<br><br>Plaintiff,<br><br>-vs.-<br><br>John Curtis Werren, in his capacity as Judge of the Probate Court of Stark County, Ohio<br><br>Laura Mills,<br><br>William Sharrard, Jr.,<br><br>Tiffany Sharrard,<br><br>Mills, Mills, Fiely & Lucas, LLC,<br><br>The Estate of Irene Shurman,<br><br>The Estate of Gerald Shurman,<br><br>The Estate of Darlene Shurman, and<br><br>The Estate of Louis Shurman<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. _____<br><br>JUDGE _____<br><br><br>COMPLAINT<br><br><br>JURY DEMAND ENCLOSED |

**Introduction**

1. This action seeks damages due to collusion in the Stark County Probate Court. Plaintiff alleges that all Defendants acted under the color of state law and, pertinent to 42 U.S.C. 1983, violated Plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States. Injunctive relief is sought against Stark County Probate Judge Curt Werren. A state law malicious prosecution claim is sought against the other Defendants.

1

## Jurisdiction

2. This Court has jurisdiction over Plaintiff's 42 U.S.C. 1983 claims. 28 U.S.C. §§ 1331 & 1343.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, because this claim is so closely related to the 1983 claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the United States District Court for the Northern District of Ohio, Eastern Division, under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in Stark County, Ohio, and all Defendants reside in Stark County, Ohio.

## Notice Regarding Opportunity for Settlement

5. Plaintiff believes that the issues can be settled, fully or partially, without the need for additional and protracted litigation. Plaintiff is interested in Alternative Dispute Resolution. If the parties would send an e-mail to golublawoffice@gmail.com and OHND_ADR@ohnd.uscourts.gov, a federal judge or a court mediator should be able to quickly resolve this dispute.

## Parties

6. Plaintiff Gerald Golub is an attorney located at 4920 Yale Ave NW, Canton, OH 44709. He was previously the attorney for William Sharrard, Jr., and Tiffany Sharrard in the Stark County Probate Court, in the *Estates of Irene Shurman, Gerald Shurman, Darlene Shurman, and Louis Shurman*, Stark County Probate Court, Case Nos. 244969, 244970, 244971, 241722.

7. Defendant Curt Werren is the Judge of the Stark County Probate Court, located at 110 Central Plaza S., Suite 501, Canton, OH 44702.

8. Defendant Laura Mills resides at 6285 Glengarry Ave NW, Canton, OH 44718. Defendant Mills is the Managing Partner of Mills, Mills, Fiely & Lucas, LLC. Defendant Mills acted in concert with the other Defendants in the wrongful conduct.

2

9. Defendant Mills is the present attorney for Defendants William Sharrard, Jr., and Tiffany Sharrard. Although the other parties have indicated that Defendant Mills and her firm no longer represents Mr. and Mrs. Sharrard in related cases, no notice of withdrawal has been filed.

10. Defendant William Sharrard, Jr., resides at 2531 42nd St. NW, Canton, OH 44709. Mr. Sharrard was the Executor/Administrator of the *Estates of Irene Shurman, Gerald Shurman, Darlene Shurman, and Louis Shurman*, before his removal for incompetency and fraudulent conduct on February 19, 2026. Mr. Sharrard was a beneficiary of these estates and acted in concert with the other Defendants in the wrongful conduct.

11. Defendant Tiffany Sharrard resides at 2531 42nd St. NW, Canton, OH 44709. Mrs. Sharrard was a beneficiary of the *Estates of Irene Shurman, Gerald Shurman, Darlene Shurman, and Louis Shurman*. Mrs. Sharrard acted in concert with the Defendants in the wrongful conduct.

12. Defendant Mills, Mills, Fiely & Lucas, LLC is a law firm located at 101 Central Plaza S., Suite 1200, Canton, OH 44702, and acted in concert with the Defendants in the wrongful conduct.

13. The *Estates of Irene Shurman, Gerald Shurman, Darlene Shurman, and Louis Shurman* have had no fiduciary or address since February 19, 2026. The estates, when there was a fiduciary, acted in concert with the Defendants in the wrongful conduct. Upon the application and appointment of a new fiduciary, which is outside Plaintiff's control, that person can be served.

**Factual Allegations**

14. On September 19, 2025, Judge Werren held that Defendant Mills had hearings with the probate court not listed on the docket, and he endorsed a second transcript of a May 13, 2024, hearing. Judge Werren held that this conduct violated Article I, Section 16 of the Ohio Constitution.[1] [2]

---

[1]http://www.probate.co.stark.oh.us/pdftmp/241722-0281.pdf
[2]http://www.probate.co.stark.oh.us/pdftmp/241722-0282.pdf

15. As a result of this conduct, Plaintiff lost multiple court cases, including *Golub v. [Sharrard]*, 2024-Ohio-6037, after suing Defendant Mills, her firm, and the Sharrards for $673,324.76. The sum included treble and punitive damages on a bill these Defendants requested on June 19, 2023, and promised, on July 3, 2023, would be paid, after Plaintiff's discharge as counsel.

16. Defendant Werren was not in office when these private hearings started, but these *ex parte* communications continued after his appointment to the Stark County Probate Court in February 2025, and after he held that this conduct was unconstitutional on September 19, 2025.

17. Plaintiff represented Defendants William Sharrard, Jr., and Tiffany Sharrard in the probate court from December 23, 2021, until June 19, 2023. Irene Shurman and her three adult children died between April 16, 2000, and December 1, 2021.

18. Irene Shurman was the mother of Gerald Shurman, Darlene Shurman, and Louis Shurman. The assets of her estate transferred to the estates of her three children.

19. Gerald Shurman died next, and the assets of his estate transferred to the estates of Darlene Shurman and Louis Shurman. Darlene Shurman died next, and the assets of her estate transferred to the estate of Louis Shurman. Louis Shurman, however, had a will. Upon his death, his estate transferred to Defendants Tiffany Sharrard and William Sharrard, Jr.

20. On September 25, 2023, then-Judge Dixie Park dismissed a lawsuit against Laura Mills, Mills, Mills, Fiely & Lucas, LLC, and the Sharrards for want of subject-matter jurisdiction.[3]

21. Plaintiff sued these Defendants, alleging, in part, that they breached a settlement agreement, and hid estate assets to prevent Plaintiff from being paid a percentage of each of the four estates. Plaintiff also sought a percentage of the hidden assets. Judge Park assigned the lawsuit to Case No. 247226, and held that the issues belonged exclusively in the general division.

22. Plaintiff did not appeal but instead refiled in the general division. On January 30, 2024, the

---

[3]http://www.probate.co.stark.oh.us/pdftmp/247226-0012.pdf

general division held that issues belonging to the administration of an estate belonged in probate.[4]  On February 28, 2024, Plaintiff appealed to Ohio's Fifth District Court of Appeals.[5]

23.  On March 6, 2024, Defendant Mills moved the probate court in Case Nos. 241722, 244969, 244970, and 244971, for a status conference.[6]  Judge Park granted the motion two days later and set the status conference for April 2, 2024.  Neither the motion for the status conference nor notice of the conference was served on Plaintiff.

24.  At the April 2, 2024, status conference, Defendant Mills claimed that Plaintiff violated Loc.R. 71.2 of the Stark County Probate Court by accepting attorney fees without prior court approval.  Defendants Tiffany and William Sharrard, Jr., had paid Plaintiff, while he was counsel, a sum of $43,560 for services rendered.  Plaintiff was not present for the hearing, of which he had no notice.[7]

25.  On April 5, 2024, the probate court issued a citation for both Plaintiff and Defendant William [Sharrard], Jr., to appear.[8]  On April 17, 2024, Plaintiff objected to the hearing, in part, because the citation did not state the hearing's purpose, in violation of the Fourteenth Amendment.[9]

26.  On April 17, 2024, Judge Park denied the objection but rescheduled the hearing for May 13, 2024.[10]  Four days before the hearing was to take place, Plaintiff filed for a writ of prohibition in the Fifth District Court of Appeals.  Among the arguments was that the probate court patently and unambiguously lacked jurisdiction to hold a hearing without notice.[11]

27.  Judge Park, however, did not receive the complaint until May 16, 2024.  The hearing took place on May 13, 2024, and a decision was issued on May 15, 2024.  Judge Park held that the

---

[4]https://www.starkcjis.org/api/court/CPC/case/2023CV02100/image/31
[5]https://www.starkcjis.org/api/court/CPC/case/2023CV02100/image/36
[6]http://www.probate.co.stark.oh.us/pdftmp/241722-0151.pdf
[7]http://www.probate.co.stark.oh.us/pdftmp/241722-0180.pdf#page=4
[8]http://www.probate.co.stark.oh.us/pdftmp/241722-0155.pdf
[9]http://www.probate.co.stark.oh.us/pdftmp/241722-0159.pdf
[10]http://www.probate.co.stark.oh.us/pdftmp/241722-0160.pdf
[11]https://www.starkcjis.org/api/court/CPC/case/2024CA00075/image/2#page=8

evidence was that Plaintiff had testified to return the $43,560. Judge Park ordered the money to be paid to the estates, with the money payable to Defendant Mills as counsel for the estates.[12]

28. On May 17, 2024, Plaintiff filed an affidavit of disqualification. Among the claims, Plaintiff argued that there was no evidence he had testified to return the money. Plaintiff also accused Judge Park of ignoring his claims that he had in fact complied with Loc.R. 71.2.[13] Importantly, Plaintiff charged Judge Park of holding *ex parte* conversations with Defendant Laura Mills.[14]

29. At the start of the May 13, 2024, hearing, for five minutes, the bailiff barred Plaintiff and his son from the courtroom, while only Defendant Mills was permitted to speak with the judge.[15] The April 2, 2024, hearing was also *ex parte*, Plaintiff alleged, because Defendant Mills pleaded her case to the court without Plaintiff being notified or present.[16]

30. Judge Park responded on June 6, 2024. Judge Park said, "It is undisputed that the Court spoke with counsel for the estate prior to all parties entering the courtroom." However, Judge Park said that during that five minute conversation, "There was no discussion with Attorney Mills regarding Attorney Golub," and that, "There was no *ex parte* communication." [17]

31. Further, Judge Park supplied a transcript of the proceeding. Judge Park agreed that no one was sworn in, but claimed that Plaintiff said, "That's fine. That's fine," in response to a demand to return the $43,560 he had earned. Importantly, Judge Park wrote, "the transcription of the hearing speaks for itself and reflects all statements made at the hearing." [18]

32. Over a year later, on September 19, 2025, Judge Werren agreed, "there are additional hearing times not listed on the docket." Thus, Judge Park was not accurate she denied meeting *ex parte*

[12]http://www.probate.co.stark.oh.us/pdftmp/241722-0169.pdf#page=5
[13]http://www.probate.co.stark.oh.us/pdftmp/241722-0178.pdf#page=14
[14]http://www.probate.co.stark.oh.us/pdftmp/241722-0178.pdf#page=11
[15]http://www.probate.co.stark.oh.us/pdftmp/241722-0178.pdf#page=12
[16]http://www.probate.co.stark.oh.us/pdftmp/241722-0178.pdf#page=13
[17]http://www.probate.co.stark.oh.us/pdftmp/241722-0180.pdf#page=3
[18]http://www.probate.co.stark.oh.us/pdftmp/241722-0180.pdf#page=6

with Defendant Laura Mills. In the same entry, Judge Werren held that the court should rely on "[t]he transcript of the May 13, 2024, hearing, filed July 29, 2025," which proved that the transcript filed by Judge Park *did not* reflect all statements made at the hearing. [19] [20]

33. This new transcript starts as the bailiff permits Plaintiff and his son into the courtroom, and as Defendant Mills finishes a conversation with Judge Park.[21] This transcript ends with, "Fine that's fine but," the beginning words of Plaintiff before Judge Park cut him off and ended the hearing.[22] In the entry, Judge Werren admitted that the first five minutes of the hearing, when Plaintiff and his son were barred from the courtroom, was also missing from the transcript.

34. In short, Judge Park submitted a transcript that omitted the word "but," and made false statements about private hearings to cover up the collusion with Defendant Laura Mills. Judge Werren's entry of September 19, 2025, conclusively established that this misconduct occurred.

35. In the interim, Ohio courts relied on the May 15, 2024, entry. Plaintiff lost in disqualification (on July 2, 2024),[23] in prohibition (on September 17, 2024, and August 21, 2025),[24] [25] in an appeal of Judge Park's entry (on February 19, 2024, March 14, 2024, and August 19, 2025),[26] [27] [28] and in *Golub v. [Sharrard]*, 2024-Ohio-6037 (on December 24, 2024, January 3, 2025 (nunc pro tunc), and July 22, 2025).[29] [30] Each case reached the Ohio Supreme Court.

36. On June 12, 2024, in *Bressi v. Thompson*, 2024 Ohio 2244, Ohio's Ninth District held that Defendant Laura Mills and another attorney from her firm filed frivolous claims against forty

---

[19]http://www.probate.co.stark.oh.us/pdftmp/241722-0281.pdf
[20]http://www.probate.co.stark.oh.us/pdftmp/241722-0282.pdf
[21]http://www.probate.co.stark.oh.us/pdftmp/241722-0264.pdf#page=3
[22]http://www.probate.co.stark.oh.us/pdftmp/241722-0264.pdf#page=19
[23]http://www.probate.co.stark.oh.us/pdftmp/241722-0195.pdf
[24]https://www.starkcjis.org/api/court/CPC/case/2024CA00075/image/39
[25]https://www.supremecourt.ohio.gov/rod/docs/pdf/0/2025/2025-ohio-2950.pdf
[26]https://www.starkcjis.org/api/court/CPC/case/2024CA00088/image/25
[27]https://www.starkcjis.org/api/court/CPC/case/2024CA00088/image/31
[28]https://www.supremecourt.ohio.gov/rod/docs/pdf/0/2025/2025-ohio-2888.pdf#page=5
[29]https://www.starkcjis.org/api/court/CPC/case/2024CA00022/image/56
[30]https://www.supremecourt.ohio.gov/rod/docs/pdf/0/2025/2025-ohio-2537.pdf#page=6

six victims of sexual assault on behalf of a doctor who sought to undo a settlement agreement. The case shows a pattern of extreme misconduct that courts in the Fifth District have enabled.

37. In December 2024, Judge Park resigned. In February 2025, Judge Werren assumed office.

38. On March 26, 2025, two days after *Golub v. [Sharrard]*, 2024-Ohio-6037, was appealed to the Supreme Court, Defendant Laura Mills signed a motion for criminal contempt in probate court. The allegation was that Plaintiff had failed to return to the fiduciary the $43,560 within seven days of the May 15, 2024, order. The motion contained no affidavit, nor did it allege intent.[31]

39. The same day, Defendants Laura Mills and William Sharrard, Jr., and moved for the approval of attorney fees, which would be pivotal in the approval of the September 19, 2025, entry.[32]

40. The court set the contempt motion for hearing.[33] The *Notice to Accused*, attached to the hearing notice, informed Plaintiff that he could apply for a public defender and that if found guilty, he could be sentenced to a fine and a definite term of imprisonment.[34]

41. Three hearings took place. One was a status conference on April 23, 2025. Plaintiff was not served notice, but the trial court said, in an April 23, 2025, entry, that the hearing was unrelated to the contempt. Another was set for May 13, 2025. The court stated, in the same entry, that the upcoming contempt hearing was in regards to "[Attorney] Golub's failure to comply with an Order of this Court," not an *alleged* failure.[35] The third hearing was on June 17, 2025.

42. On May 6, 2025, Appellant moved to dismiss the charges. The motion argued that, in civil and criminal proceedings, the Fourth and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 14 of the Ohio Constitution all required an affidavit to allege contempt;[36]

---

[31] http://www.probate.co.stark.oh.us/pdftmp/241722-0223.pdf
[32] http://www.probate.co.stark.oh.us/pdftmp/241722-0221.pdf
[33] http://www.probate.co.stark.oh.us/pdftmp/241722-0230.pdf
[34] http://www.probate.co.stark.oh.us/pdftmp/241722-0231.pdf
[35] http://www.probate.co.stark.oh.us/pdftmp/241722-0236.pdf
[36] http://www.probate.co.stark.oh.us/pdftmp/241722-0243.pdf#page=2

that the show-cause motion did not allege intent, even though the prospect of a definite term of imprisonment was a criminal penalty;[37] and that the court's statements, including "[Attorney] Golub's failure to comply with an Order of this Court," shifted the burden of proof.[38]

43. At the May 13, 2025, hearing, the now former fiduciary was not present,[39] no one was sworn in, and no evidence was taken.  Appellant objected that he had a right to face his accuser:

- **The Court:** The issue is can you and will you pay this money back? Do you wish to argue hardship? Do you wish to argue it's a financial inability?
  **Atty. Golub**: Well well let's here what the testimony is going to be today. I am supposed to [hear from] my accuser today.
  **The Court:** I don't know what you are supposed to do. This Court decides what's happening.
  - *Transcript* of May 13, 2025, p. 17, line 24 through p. 18, line 6.[40]

- **The Court:** I don't know what testimony we want to hear from. I don't know because the record is the record. You were ordered to return it. I think the only testimony we need is yours or your witnesses about either a good defense to paying it back or a hardship that prevents you from paying it back.
  **Atty. Golub:** And we need the the testimony from Mr. [Sharrard].
  **The Court:** I don't think I need, I decide what testimony I need. And as I just said there is a clean record. An order of Judge Park telling you to pay back the money. An appeal that was denied which means that entry is in force and effect. **And as of today not one dollar has been paid in furtherance of that order.** Is it your statement today that you are refusing to pay back the order of Judge Park?
  **Atty. Golub:** That is not my testimony today.
  **The Court:** So will you pay it?
  **Atty. Golub:** Can we get to the evidence?
  **The Court:** No no no my question is will you pay it?
  **Atty Golub:** There is an inability to pay it.
  **The Court:** Okay. I have no problem understanding listening to your arguments on that.
  **Atty. Golub:** Okay. And also Your Honor I have a right to face my accuser today.
  **The Court:** This is not a criminal complaint. This is. The accuser is this bench and the judgment was issued a year ago and the accusation is you have not complied with that judgment. ...
  - *Transcript* of May 13, 2025, p. 18, line 22 through p. 19, line 25.[41] (Emphasis added.)

---

[37]http://www.probate.co.stark.oh.us/pdftmp/241722-0243.pdf#page=5
[38]http://www.probate.co.stark.oh.us/pdftmp/241722-0243.pdf#page=3
[39]http://www.probate.co.stark.oh.us/pdftmp/241722-0244.pdf
[40]http://www.probate.co.stark.oh.us/pdftmp/241722-0288.pdf#page=19
[41]http://www.probate.co.stark.oh.us/pdftmp/241722-0288.pdf#page=20

44. Judge Werren then referred to a conversation with Defendant Laura Mills that he mistakenly thought was on the record. "I told Attorney Mills on the record that I will disappoint her today because I am going to allow them to set this for another hearing to allow you to make your testimony about the ability to pay" (Tr. at 20, lines 9-13).[42]

45. This comment, coupled by Judge Werren's firm belief of Plaintiff's guilt before evidence was taken, indicated he was speaking privately with Defendant Mills. That explains how Judge Werren *knew* that "not one dollar has been paid" toward the $43,560, before any testimony.

46. To be sure, on May 13, 2025, Judge Werren said that Plaintiff could apply for fees at the rate listed in Loc.R. 71.2, and that the application would carry greater weight with the consent of the fiduciary (Tr. at 12, lines 14-22).[43] Judge Werren acknowledged that Plaintiff did not wish to contradict arguments made in the pending Supreme Court cases (Tr. at 13, lines 4-6).[44]

47. One of the issues then in the Supreme Court was whether the probate court or the general division had jurisdiction to hear Plaintiff's claims against the other Defendants. If Plaintiff would apply for fees in the probate court, that would undercut claims that the general division had jurisdiction over the issues.

48. At the end of the May 13, 2025, hearing, Judge Werren said, "we will begin to take [Plaintiff's] testimony on a defense of either inability to pay or refusal to pay" (Tr. of May 13, 2025 at 21, lines 9-11).[45] Judge Werren then wrote that Plaintiff could apply for fees or argue hardship.[46]

49. At the June 17, 2025, hearing, Judge Werren seemed to forget his earlier comments. Plaintiff started to argue financial hardship when Judge Werren asked if he wanted "to concede they met their burden of proof" (Tr. at 10, lines 1-2).[47] Without notice that the hearing had changed,

---

[42]http://www.probate.co.stark.oh.us/pdftmp/241722-0288.pdf#page=22
[43]http://www.probate.co.stark.oh.us/pdftmp/241722-0288.pdf#page=14
[44]http://www.probate.co.stark.oh.us/pdftmp/241722-0288.pdf#page=15
[45]http://www.probate.co.stark.oh.us/pdftmp/241722-0288.pdf#page=23
[46]http://www.probate.co.stark.oh.us/pdftmp/241722-0244.pdf
[47]http://www.probate.co.stark.oh.us/pdftmp/241722-0289.pdf#page=12

Plaintiff tried to defend himself.  Here are some of the highlights:

50. First, Plaintiff argued that William Sharrard, Jr, was supposed to be present at the previous hearing.  Judge Werren said that, "I didn't have them present the last time we were here because I wanted to go over the consequences of this proceeding" (Tr. at 10, lines 19-21).[48] Thus, Judge Werren had told Defendant Mills to not bring her client to the May 13, 2025, hearing, without that conversation being on the record or previously communicated to Plaintiff.

51. Second, "the trial court did not permit the appellant to call Attorney Laura Mills, who is counsel for the Fiduciary and filed the motion to show cause" *In re Estate of Shurman*, 2026-Ohio-1343, ¶ 26.[49] To be sure, the Fifth District inaccurately claimed Plaintiff could call other witnesses, but here is the exchange the entry was referring to:

- **Atty. Golub:** No let me call, let me call as a witness first Laura Mills.
  **Atty. Mills:** He can't call counsel.
  **The Court:** I am kind of confused on that. You are testifying because this action is whether or not you have complied but counsel is not a witness to this.
  **Atty. [Golub]:** Well she is a witness to part of what happened.
  **The Court:** I don't think I can have her called as. Do you have anyone else you want to call?
      - *Transcript* of June 17, 2025, p. 27, line 24 through p. 28, line 8.[50]

52. Third, Judge Werren did not permit Plaintiff to use the social security exemption under 42 U.S.C. 407.  In April 2024, Plaintiff had suffered a fall, his wife had a heart attack, and Plaintiff closed his law office shortly thereafter (Tr. at 30).[51]

53. Judge Werren would confirm that Plaintiff was "living on social security and maybe the balance of an IRA" (Tr. at 36, lines 18-19),[52] but said that the exemption under 42 U.S.C. 407 would be applied "with and when we get to collection" (Tr. at p. 32, lines 7-13).[53]

---

[48]http://www.probate.co.stark.oh.us/pdftmp/241722-0289.pdf#page=12
[49]https://www.supremecourt.ohio.gov/rod/docs/pdf/5/2026/2026-Ohio-1343.pdf#page=16
[50]http://www.probate.co.stark.oh.us/pdftmp/241722-0289.pdf#page=29
[51]http://www.probate.co.stark.oh.us/pdftmp/241722-0289.pdf#page=32
[52]http://www.probate.co.stark.oh.us/pdftmp/241722-0289.pdf#page=38
[53]http://www.probate.co.stark.oh.us/pdftmp/241722-0289.pdf#page=34

11

54. Fourth, during closing arguments, Defendant Laura Mills attempted to defend an invoice that she submitted on March 26, 2025. Plaintiff had claimed that the invoice required the payment of attorney fees without court approval,[54] which is what he had been accused of a year earlier. Defendant Mills responded with this fatal remark:

> **Atty. Mills:** ... When we applied for fees to this Court it was merely for the estate work. My firm has thousands and thousands of dollars on the appeal which we did obviously file an opposition to the appeal. I attended the Court of Appeals argument. I have been before this Court on how many occasions on issues that are not estate related. ...
> - *Transcript* of June 17, 2025, p. 38, lines 13-18 (closing argument).[55]

55. On July 16, 2025, Judge Werren noted the criminal penalties that Plaintiff faced, but said that Plaintiff was guilty of indirect civil contempt.[56] Plaintiff appealed on August 15, 2025. On September 4, 2025, after the Supreme Court's decision in prohibition, Plaintiff filed a App.R. 9(C) statement. The provision is used when hearings are not recorded or transcribed.

56. On September 4, 2025, Plaintiff compared Defendant Laura Mills' invoice with the public docket and realized that the dates matched. Thus, Defendant Mills had "been before this Court" at times not on the invoice, there were hearings not on the public docket.

57. Citing the second transcript of the May 13, 2024, hearing, Plaintiff also claimed that the probate court "no longer" had audio from key hearing hearings.[57]

58. Judge Werren agreed. He "settled and approved" the App.R. 9(C) statement on September 19, 2025.[58] His approval specifically adopted this sentence: "Hearing dates from all times when Ms. Mills was "before this Court" must be stated. Their transcripts must also be provided. *State ex rel. Parikh v. Berkowitz*, 2025-Ohio-2117, ¶ 17."

---

[54]http://www.probate.co.stark.oh.us/pdftmp/241722-0221.pdf#page=16
[55]http://www.probate.co.stark.oh.us/pdftmp/241722-0289.pdf#page=40
[56]http://www.probate.co.stark.oh.us/pdftmp/241722-0254.pdf#page=3
[57]http://www.probate.co.stark.oh.us/pdftmp/241722-0281.pdf
[58]http://www.probate.co.stark.oh.us/pdftmp/241722-0282.pdf

59. Judge Werren's opinion should have ended the case, but it didn't. After Judge Werren certified the record to the Fifth District, on September 22, 2025, the court preoccupied itself with the absence of Defendants William Sharrard, Jr., and Tiffany Sharrard. On October 7, 2025, Defendant Mills notified the Court (but not Plaintiff), that she could not reach her clients.[59]

60. Judge Werren set a status conference for November 19, 2025, and shortly after the conference was set, on October 22, 2025, Plaintiff applied for attorney fees.[60] [61] Plaintiff e-mailed the court and Defendant Mills in advance to confirm whether the fee application would be heard. On November 14, 2025, parties were e-mailed to be prepared to address all pending matters.

61. On November 19, 2025, the Court did not hear the fee application, but heard Defendant Mills on the absence of the Sharrards. Defendant Mills said she had been unable to reach her clients since July 2025, and that the estate accounts were closed on July 7, 2025. Defendant Mills also claimed that she had not yet been paid. Judge Werren and Defendant Mills discussed what action the court should take to remedy the matter.

62. Judge Werren said to Defendant Mills, "I'll call you if I need something." [62] [63] Two days later, on November 21, 2025, Defendants William Sharrard, Jr., and Tiffany Sharrard were charged with contempt, and the court attempted service on the Sharrards at certain addresses that had never been listed on the public docket.[64]

63. Thus, Defendant Mills and Judge Werren had private conversations to invoke the probate court's contempt powers, which violated the court's own September 19, 2025, entry. Unfortunately, the private conversations did not stop there.

64. At the contempt hearing on January 6, 2025, the Sharrard Defendants did not appear.

---

[59]http://www.probate.co.stark.oh.us/pdftmp/241722-0291.pdf
[60]http://www.probate.co.stark.oh.us/pdftmp/241722-0292.pdf
[61]http://www.probate.co.stark.oh.us/pdftmp/241722-0360.pdf
[62]As heard on Court audio 251119_1086.WMA at 7:42.
[63]Converted to .mp4 format and uploaded to https://youtu.be/HJcTAc-WQTA
[64]http://www.probate.co.stark.oh.us/pdftmp/241722-0298.pdf

65. At the end of the hearing, Judge Werren said to Defendant Mills: "So what I'm gonna do is continue this one and see if we can't find them one more time. And then you and I can talk about what our next steps are." After Laura Mills said to Judge Werren that she would try to find the Sharrards, Judge Werren replied, "And then maybe we go back after Attorney Golub and have him return the money he owes and we can pay you from that."[65] [66]

66. On January 13, 2026, Judge Werren set a hearing on the removal of William Sharrard, Jr., as fiduciary. Judge Werren cited statements made by Defendant Laura Mills. Judge Werren also relied on the affidavit of the court bailiff, who said that she could not find the Sharrards.[67] [68]

67. On February 3, 2026, Judge Werren hosted a fundraiser. On February 4, 2026, Judge Werren thanked on Facebook those who attended and supported his re-election campaign. Among the attendees was Judge Craig Baldwin, who was set to hear oral argument regarding Judge Werren's earlier contempt finding. Judge Baldwin was pictured in the Facebook post, and proudly wore the name tag "Judge Craig Baldwin Fifth District Court of Appeals."[69]

68. Plaintiff amended his fee application of February 9, 2026, and he also moved to dismiss the contempt allegations against him. One reason was that under Ohio Civ.R. 25, Defendant Laura Mills failed to timely notify the court of the fiduciary's absence.[70] [71] [72]

69. At the removal hearing on February 18, 2026, neither William Sharrard, Jr., nor Tiffany Sharrard appeared. Pierce Walker of Defendant Mills, Mills, Fiely & Lucas, LLC, was present. Judge Werren told Plaintiff and his son to sit in the back row and then turned on the court audio.

---

[65] As heard on Court audio 260106_1102.WMA at 3:18 and 3:34.

[66] Converted to .mp4 format and uploaded to https://youtu.be/1-3aXjLGiTQ

[67] http://www.probate.co.stark.oh.us/pdftmp/241722-0316.pdf

[68] http://www.probate.co.stark.oh.us/pdftmp/241722-0318.pdf

[69] See Figures 1-3 in the Appendix

[70] Ohio Civ.R. 25 differs from the federal rule in that an attorney must notify the court and opposing parties within fourteen days of having learned of a client's death or incompetence. Both rules have provisions for extinguishing a claim (e.g., in contempt) for death or incompetency.

[71] http://www.probate.co.stark.oh.us/pdftmp/241722-0335.pdf

[72] http://www.probate.co.stark.oh.us/pdftmp/241722-0336.pdf

70. At the hearing, Mr. Walker agreed with the court's motion and affidavits to remove William Sharrard, Jr., as fiduciary. Mr. Walker also said that his firm no longer wished to represent the estates.[73] [74] However, neither Defendant Mills nor her firm have ever filed a notice withdrawing as counsel for Defendants Tiffany and William Sharrard, Jr.

71. Judge Werren said that he was removing the fiduciary. Plaintiff asked to speak and said that under Civ.R. 25, the charges against him needed to be dismissed.[75] Judge Werren said that whether to dismiss under Civ.R. 25 would be up to the next fiduciary.[76]

72. Judge Werren then suggested that Plaintiff pay Defendant Mills the Sharrards' attorney fees.[77] Judge Werren asked Plaintiff if he refused to pay back the $43,560.[78] Plaintiff reminded Judge Werren that his social security was exempt.[79] Plaintiff also reminded Judge of all those private hearings he previously ruled were unconstitutional.[80] Judge Werren refused to acknowledge the exemption, and ended the audio by claiming that Plaintiff refused to return the $43,560.

73. On February 24, 2026, the Fifth District heard oral argument in Tuscarawas County.[81] Incredibly, Defendants William Sharrard, Jr., and Tiffany Sharrard, appeared at the Stark County Office Building, where the Fifth District and the Probate Court are located. Apparently, the Sharrards had been following the StarkCJIS docket and not the probate court docket.

74. When the Sharrards appeared, the probate court quickly held a hearing and did not inform Plaintiff. A status conference was set for March 18, 2026, with a hearing notice sent. The notice included Defendant William [Sharrard] and his address.[82]

---

[73] As heard on Court audio 260218_1105.WMA at 0:56 and 2:40
[74] Converted to .mp4 format and uploaded to https://youtu.be/h46ISymRdYY
[75] 260218_1105.WMA at 4:20
[76] 260218_1105.WMA at 4:55
[77] 260218_1105.WMA at 5:40
[78] 260218_1105.WMA at 6:10
[79] 260218_1105.WMA at 6:40
[80] 260218_1105.WMA at 7:02
[81] https://www.starkcjis.org/api/court/CPC/case/2025CA00099/image/16
[82] http://www.probate.co.stark.oh.us/pdftmp/241722-0344.pdf

15

75. On February 26, 2026, William Sharrard, Jr., testified under affirmation before the *Board of Revision* in *Stark County Treasurer v. Sharrard, et al.*, Case Nos. 2025MI00332, 2025MI00343 in a bid to stave off a foreclosure.

76. At the hearing, Mr. Sharrard blamed Plaintiff for his financial situation. However, Mr. Sharrard omitted mention of his removal as fiduciary or the approval of the App.R. 9(C) statement. Mr. Sharrard also testified that he had paid Plaintiff the $43,560. The Board of Revision accepted the argument and transferred the case to the General Division.[83] [84] Depending on the positions that Defendants take, they may be judicially estopped by this testimony.

77. On March 9, 2026, Plaintiff asked Judge Werren how he learned of the fiduciary's address, and he reminded Judge Werren of his September 19, 2025, order, to hold proceedings in open court. In an entry signed that same day, on March 9, 2026, Judge Werren refused.[85] [86]

78. On March 18, 2026, Magistrate Tim Jeffries presided over the status conference. At the conference, over Pierce Walker's objection, Mr. Jeffries allowed Plaintiff and his son to sit at a table in the courtroom. Mr. Jeffries revealed how the court learned of the fiduciary's address, and Attorney Walker admitted that, on February 24, 2026, a hearing in probate occurred.[87]

79. At the March 18, 2026, status conference, William Sharrard, Jr., was served with notice of a show-cause hearing. Defendants Laura Mills and Mills, Mills, Fiely & Lucas, LLC, are trying to have their own clients held in contempt over an (allegedly) unpaid bill. The show-cause hearing was ultimately continued to June 30, 2026. As of Friday, June 12, 2026, at 4:30 pm, the continuance of May 27, 2026, is the last item on the dockets of the four estates.

80. On April 13, 2026, Judge Baldwin authored an opinion affirming the contempt finding. Plaintiff had raised arguments under the Fourth and Fourteenth Amendments to the U.S.

---

[83] As heard on Court audio 2025MI00332.mp4 at 3:30
[84] Converted to .mp4 format and uploaded to https://youtu.be/kdgzlQ1Ps0A
[85] http://www.probate.co.stark.oh.us/pdftmp/241722-0345.pdf
[86] http://www.probate.co.stark.oh.us/pdftmp/241722-0346.pdf
[87] Plaintiff requested but has not yet received the court audio from that date.

Constitution, the open-courts provision of the Ohio Constitution, and 42 U.S.C. 407, but Judge Baldwin called Plaintiff's arguments "nonsensical red herring[s]." The court also refused to address the private hearings established by Judge Werren's September 19, 2025, entry.[88]

81. On April 23, 2026, Judge Werren denied Plaintiff's fee application. As the application was unopposed, the entry was based on arguments Defendants did not make on the public docket. Judge Werren made no mention of the private conversations before and after his approval of the App.R. 9(C) Statement, and his ruling that such conversations were unconstitutional.[89]

82. Judge Werren also cited Plaintiff's failure to repay the $43,560 in the contempt order, without acknowledging Plaintiff's inability to pay a non-existent fiduciary. Plaintiff is still living on social security, but Judge Werren refused to acknowledge the exemption in 42 U.S.C. 407.

83. On May 4, 2026, the Fifth District denied a motion for reconsideration.[90] [91] On May 8, 2026, Plaintiff appealed to the Ohio Supreme Court and moved for a stay. The motion was denied on June 9, 2026.[92] The denial of the fee application was appealed on May 22, 2026.

**First Claim**

*42 U.S.C. § 1983 (1st and 14th Amendment) – Against Judge Werren in his official capacity*

84. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

85. Defendant Werren will not stop engaging *ex parte* with Defendant Laura Mills and her firm after he declared the practice to violate Article I, Section 16 of the Ohio Constitution. This provision encompasses parts of the First and Fourteenth Amendments to the U.S. Constitution.

86. Defendant Werren's decision to force Plaintiff to sit in the back of the courtroom and then turn on the court audio also violated the First and Fourteenth Amendments to the Constitution, and

---

[88]https://www.supremecourt.ohio.gov/rod/docs/pdf/5/2026/2026-Ohio-1343.pdf#page=15
[89]http://www.probate.co.stark.oh.us/pdftmp/241722-0362.pdf
[90]https://www.starkcjis.org/api/court/CPC/case/2025CA00099/image/24
[91]https://www.starkcjis.org/api/court/CPC/case/2025CA00099/image/25
[92]https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2026/0574

his own September 19, 2025, entry.  That Plaintiff must still sit in the back of the courtroom when appearing before Judge Werren is a continued violation that requires relief.

87. Relief from the continued misconduct is unavailable in Ohio's Appellate system.  Although the Ohio Supreme Court could reverse or vacate the contempt finding against Plaintiff, in-court statements made by Defendant Werren after September 22, 2025, cannot be included on the record in the Supreme Court.  At this juncture, the limited exceptions are Defendant Werren's written orders removing Defendant William Sharrard, Jr., as fiduciary.

88. To be sure, the Supreme Court's decision to not stay the lower court contempt findings, based on the record it had available, only enables the lower courts to violate federal rights.

89. Here, Ohio's Fifth District Court of Appeals will not address the Constitutional issues related to *ex parte* communications between Defendant Laura Mills and the probate court.  The issue was raised in an appeal of a contempt finding and the court refused to address it.  When the omission was pointed out in reconsideration, the Fifth District still refused to address it.

90. The Fifth District's finding that Plaintiff's arguments, in an appeal of the contempt, were "nonsensical red herring[s]," means that no issue raised by Plaintiff will be addressed by the Fifth District in any subsequent appeal.  Thus, the Fifth District will not address violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and to the social security exemption detailed in 42 U.S.C. 407.

91. Last, Judge Craig Baldwin's public endorsement of Judge Werren shortly before oral argument, in the appeal of the contempt, further shows that the Fifth District will not act as a check on the probate court.

**Second Claim**

*42 U.S.C. § 1983 (1st and 14th Amendment) – Against all Defendants Except Judge Werren*

92. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

18

93. The adverse ruling in *Golub v. [Sharrard]*, 2024-Ohio-6037 was issued and upheld as a result of a conspiracy between the probate court and Defendant Laura Mills, who represented the other Defendants, thus causing a deprivation of property without due process of law.

94. The September 19, 2025, entry, coupled with Judge Werren's statements after the record was certified in an appeal of the contempt, show Defendant Mills' pattern of communicating *ex parte* with the court and to Plaintiff's detriment.

### Third Claim

*Malicious Criminal Prosecution (State Law) – Against all Defendants Except Judge Werren*

95. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

96. Upon moving for contempt on March 26, 2025, Defendants had no affidavit, and therefore no probable cause, to allege that Plaintiff intentionally violated the May 15, 2024, court order.

97. Yet, as Judge Werren would hold on April 2, 2025, and July 16, 2025, Plaintiff faced a definite term in jail, which made the contempt allegation criminal. Judge Werren's determination that Plaintiff was guilty of civil contempt ultimately acquitted Plaintiff on the criminal charge.

98. Defendants acted maliciously for multiple reasons. First, they lacked probable cause.

99. Second, their intent was to retaliate against Plaintiff for filing an appeal two days prior from *Golub v. [Sharrard]*, 2024-Ohio-6037.

100. Third, Defendants accused Plaintiff of delaying the administration of the estate while they hid estate assets, closed estate accounts, and concealed the absence of the Sharrards from the Court.

101. Fourth, Defendants accused Plaintiff of accepting attorney fees without probate court approval, when Defendant Laura Mills accepted attorney fees without probate court approval.

102. Fifth, through counsel Laura Mills, Defendants communicated *ex parte* with Judge Park to influence the underlying May 15, 2024, decision, and with Judge Werren to influence the criminal contempt proceedings.

**Prayer for Relief**

103.  WHEREFORE, Plaintiff prays for the following relief:

(a)  On the first claim, for this Court to enjoin Judge Werren from continuing the proceedings in the *Estates of Irene Shurman, Gerald Shurman, Darlene Shurman, and Louis Shurman*, Stark County Probate Court, Case Nos. 241722, 244969, 244970, 244971.

(b)  On the second claim, for the Defendants, except for Judge Werren, to pay a sum of $673,324.76, and statutory interest from September 19, 2025, court costs, attorney fees, and punitive damages.

(c)  On the third claim, for the Defendants, except for Judge Werren, to pay a sum of $673,324.76, statutory interest from July 16, 2025, court costs, attorney fees, and punitive damages.

**Jury Demand**

104.  Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s Gerald B. Golub
Gerald B. Golub
Attorney Registration # 1045
4920 Yale Ave NW
Canton, OH 44709
Phone: (330) 452-8755
Fax: (330) 572-7901
Email: golublawoffice@gmail.com

Date: June 15, 2026

20



Figure 1: Judge Werren's Advertisement for his February 3, 2026, Fundraiser

Figure 2: Judge Craig Baldwin (Left) at Judge Werren's Fundraiser, posted on February 4, 2026.

21



**Keep Judge Werren**
February 4 · ⊙

Thank you to everyone who attended Judge Werren's fundraiser, as well as to those who shared their support in other ways. It was great to see so many members of our community come together.

The encouragement and presence of friends, family, and community members serve as a powerful reminder of the shared commitment to service and civic responsibility. It is a privilege to do work that supports individuals and families and to serve in this community.

Thank you for the continued support and confidence, it is sincerely appreciated. **See less**

👍❤️ 48                                                     3 ➤

👍 Like                    💬 Comment

Figure 3: Judge Werren thanking everyone on February 4, 2026, for their continued support. The picture with Judge Baldwin was among the photos in this post.